IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM HEDGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| JERSEY COUNTY E.T.S.B./E911, | ) | |
| and JERSEY COUNTY, ILLINOIS | ) | **JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I.   Jurisdiction and Venue

1. This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1331 (federal question) as this is an action under 38 U.S.C. § 4300 *et al*.

2. Venue is proper in the Southern District of Illinois under 38 U.S.C. § 4300 *et al.* as the complained of acts were committed in Jersey County, Illinois which is within the jurisdiction of this Court.

### II.   The Parties

3. That at all times herein relevant, Plaintiff, William Hedger, resided in Jersey County, Illinois.

4. Plaintiff Hedger for nearly ten years served as the Director of the Jersey County E.T.S.B/E911 Center, ("911 Call Center"). In his capacity as the Direct, Plaintiff Hedger managed the 911 Call Center and built the systems necessary to handle 911 calls in and around Jersey County, Illinois.

5. Defendant, JERSEY COUNTY E.T.S.B./E911, is and was during all relevant times herein a governmental unit serving Jersey County, Illinois.

6. Defendant, Jersey County, Illinois, is a county in Illinois organized under the law of the state of Illinois.

### III.   Factual Allegations

**Plaintiff Hedger Goes Out On Military Orders**

7. In early 2020, Plaintiff Hedger received military orders to active duty.

8. Pursuant to his military obligation, Plaintiff Hedger provided Defendants proper notice of his upcoming service, and he personally found a tentative director for his position while on active duty orders.

9. On April 21, 2020, Plaintiff Hedger received further military orders.

**Hedger Resigns**

10. On July 16, 2020, Plaintiff Hedger sent Defendants a resignation letter from his post as Director based upon his continued military service.

11. During this time, Plaintiff Hedger is serving as an servicemember in the armed forces.

**The Opening**

12. On or about January 6, 2021, Plaintiff Hedger and then acting director of the 911 Call Center, Phil McCarty discuss how the 911 Call Center's operations are going.

13. Then and there, Plaintiff Hedger expressed an interest in returning to his position, and Phil McCarty expressed a desire to have Mr. Hedger take the position over.

14. During the conversation, Mr. McCarty expressed that Mr. Hedger would be the most qualified candidate for the position and assured Plaintiff Hedger of his reinstatement.

**The Shift**

15. On or about January 8, 2021, Plaintiff Hedger and Phil McCarty had a follow up conversation, and during that exchange Mr. McCarty explained several board members would need to be lobbied to approve Plaintiff Hedger's reemployment.

16. As was explained to Plaintiff Hedger board members were concerned because Plaintiff Hedger left for the military once before, it could occur again.

17. Nonetheless, Mr. McCarty informed Plaintiff Hedger that he would be allowed to interview for his position.

### The Interview

18. On February 3, 2021, Plaintiff Hedger sat for an interview for the Director position which he previously held less than a year prior.

19. During the fifteen minute interview, Plaintiff Hedger was asked three questions.

    a. One board member asked: "why are you leaving the military so soon?"

    b. Another board member asked: "do you regret anything?"

20. Based upon the questions, Mr. Hedger was expected to explain away his service and the orders that took him from Director position.

21. Soon after his interview, Mr. Hedger was informed he would not be the Director. On the call with Mr. McCarty, Mr. Hedger was told that he was not hired because there were those with "axes to grind" against Mr. Hedger.

22. Defendant's employment action was motivated by Plaintiff's military service.

### Plaintiff's Damages

23. As a direct and proximate result of the misconduct herein described, Plaintiff lost his employment and benefits, suffered the embarrassment, humiliation, and stigma associated with being not rehired. Further, Plaintiff was required to take different employment.

24. As a result of Defendant's actions, Plaintiff's reputation in the community has been negatively impacted.

## Count I
## Federal Claim Pursuant to USERRA
## (vs. Defendant JERSEY COUNTY)

25. Plaintiff restates and incorporates paragraphs 1-24 of this Complaint as if fully set forth herein.

26. Plaintiff gave advanced noticed of his military service obligation to Defendant.

27. Plaintiff had five years or less of cumulative service in the uniformed services.

28. Plaintiff offered to return to work in a timely manner.

29. Plaintiff received an honorable discharge from his service.

30. Despite being a covered servicemember under USERRA, Plaintiff received adverse employment action by Defendant in the following:

    a. Using Plaintiff's military service as a motivating factor, required Plaintiff to reapply for his position;

    b. Using Plaintiff's military service as a motivating factor, denied Plaintiff employment;

    c. Using Plaintiff's military services as a motivating factor, denied Plaintiff reemployment

31. Plaintiff has lost and continues to lose pay and benefits.

32. Defendant's actions were willful and wanton in nature and made in direct contravention of the laws and protections afforded Plaintiff.

WHEREFORE, Plaintiff, WILLIAM HEDGER respectfully requests that this Court enter a judgment in his favor and against Defendant, JERSEY COUNTY, awarding compensatory damages, attorneys' fees and costs against Defendant, liquidated damages against Defendant, and any other relief this Court deems just and appropriate.

## Count II
### Federal Claim Pursuant to Section 1983- Civil Rights Violation
### (vs. Defendant JERSEY COUNTY)

33. Plaintiff restates and incorporates paragraphs 1-24 of this Complaint as if fully set forth herein.

34. Plaintiff is and was a protected member under Title 38 U.S.C. 4301 et al. (USERRA)

35. Congress enacted USERRA for the benefit of Plaintiff and those similarly situated.

36. Despite Plaintiff's right under USERRA being established, Defendant violated said right.

37. Defendant acted under color of state law by making its employment decision based upon the authority granted to it by the State of Illinois.

38. Defendant's actions infringed on a federally protected statutory right being reemployment and employment post military service in the following:

    a. Using Plaintiff's military service as a motivating factor, required Plaintiff to reapply for his position;

    b. Using Plaintiff's military service as a motivating factor, denied Plaintiff employment;

    c. Using Plaintiff's military services as a motivating factor, denied Plaintiff reemployment

39. Plaintiff has lost and continues to lose pay and benefits.

40. Defendant's actions were willful and wanton in nature and made in direct contravention of the laws and protections afforded Plaintiff.

WHEREFORE, Plaintiff, WILLIAM HEDGER respectfully requests that this Court enter a judgment in his favor and against Defendant, JERSEY COUNTY, awarding compensatory damages, attorneys' fees and costs against Defendant, liquidated damages against Defendant, and any other relief this Court deems just and appropriate.

## Count III
## State Law Claim Pursuant to ISERRA (330 ILCS 61/1 et al)
## (vs. Defendant JERSEY COUNTY)

41. Plaintiff restates and incorporates paragraphs 1-24 of this Complaint as if fully set forth herein.

42. Defendant violated ISERRA in the following ways:

    a. Failed to post the required notice of ISERRA Notice;

    b. Forced Plaintiff to find a replacements for his position; and

    c. Violated USERRA as referenced in Count I, such that ISERRA has been violated

43. Despite being a covered servicemember under USERRA, Plaintiff received adverse employment action by Defendant in the following:

    a. Using Plaintiff's military service as a motivating factor, required Plaintiff to reapply for his position;

    b. Using Plaintiff's military service as a motivating factor, denied Plaintiff employment;

    c. Using Plaintiff's military services as a motivating factor, denied Plaintiff reemployment

44. Plaintiff has lost and continues to lose pay and benefits.

45. Defendant's actions were willful and wanton in nature and made in direct contravention of the laws and protections afforded Plaintiff.

WHEREFORE, Plaintiff, WILLIAM HEDGER respectfully requests that this Court enter a judgment in his favor and against Defendant, JERSEY COUNTY, awarding compensatory damages, attorneys' fees and costs against Defendant, liquidated damages against Defendant, and any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, WILLIAM HEDGER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

        Respectfully Submitted,

        **WILLIAM HEDGER**,

By:    /s/ Joshua R. Evans #6318288
        GREAT RIVER INJURY LAW
        Attorney for Plaintiff
        103 East Pearl Street
        Jerseyville, IL 62052
        (618) 268-5081
        office@jevanslegal.com

        /s/ Edward W. Unsell
        The Unsell Law Firm, P.C.
        Attorney for Plaintiff
        69 S. 9th Street
        East Alton, IL 62024
        (618) 259-3728