IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM HEDGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-00845-JPG |
| | ) |
| JERSEY COUNTY E.T.S.B./E911, | ) |
| And JERSEY COUNTY, ILLINOIS | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

### I.     Introduction

This matter comes before the Court on Defendants Jersey County Emergency Telephone System Board ("Jersey County ETSB") and Jersey County, Illinois ("Jersey County," collectively "Defendants") Motion to Dismiss Counts II and III of Plaintiff William Hedger's Complaint ("Plaintiff" or "Hedger") (Doc. 14). Plaintiff has responded at Doc. 15, and Defendants replied at Doc. 17.

### II.    Background

Plaintiff Hedger worked for around ten years as the Director of the Jersey County ETSB Center ("911 Call Center"). Comp ¶ at 4. As a director, Plaintiff managed the 911 Call Center and built systems necessary to handle 911 calls in Jersey County. *Id*. at ¶ 5. Hedger is in the military. While he was at Jersey County ETSB in early 2020, he received military orders for active duty and provided notice to his employer of his upcoming service. On April 21, 2020, Hedger received further military orders, and on July 16 of that year, he sent a resignation letter as Director based on his continued military service. *Id*. ¶¶ 9-10.

On January 6, 2021, Hedger and then-acting director of the 911 Call Center, Phil

McCarthy, discussed the call center's operations and Hedger expressed a desire to come back to his position, which McCarthy also seemed to desire. *Id*. ¶¶ at 12-13. Two days later during a follow up conversation, McCarthy explained to Hedger that the board members would need to "be lobbied to approve" his reemployment because they were concerned Plaintiff could leave for military service again. *Id*. at ¶¶ 15-16.

Plaintiff sat for an interview for the director position where he was asked questions such as "why are you leaving the military so soon?" Hedger felt expected to explain away his service. After the interview, McCarthy told him he was not hired because "there were those with 'axes to grind' against Hedger." *Id*. at ¶¶ 18-21.

On July 21, 2021 Plaintiff filed a Complaint alleging the following counts: (1) Federal Claim pursuant to Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 ("USERRA") for failing to employ or reemploy him after he returned from a period of service; (2) Civil Rights Claim pursuant to 42 U.S.C. § 1983 for violations of his rights under USERRA; and (3) state law claim pursuant to Illinois Service Member Employment and Reemployment Rights Act, 330 ILCS 61/1-1 *et seq* ("ISERRA") for failing to employ or reemploy Hedger after he returned from a period of service and by failing to post an ISERRA posting.

On October 4, 2021, Defendants filed a motion to dismiss, requesting this Court to dismiss Counts II and III under Federal Rule of Civil Procedure for failure to state a claim because Plaintiff's § 1983 claim and state law ISERRA claim are precluded by Plaintiff's federal USERRA claim.

**III.   Analysis**

To survive a Federal Rule of Civil Procedure 12(b)(6), motion to dismiss for failure to

state a claim upon which relief may be granted, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Section 4311(a) of USERRA prohibits discrimination "against persons who serve in the uniformed services" through the denial of "any benefit of employment by an employer on the basis of that membership." Section 1983 requires a plaintiff to prove that he was subjected to conduct that occurred under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution. 42 U.S.C. § 1983. ISERRA prohibits discrimination against and interreference with military service in the state of Illinois. It expands upon USERRA.

### A.  § 1983 claim

As discussed above, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging he was a protected member under USERRA, and "Defendant's actions infringed on his federally protected statutory right being reemployment and employment post military service." Comp ¶¶ at 34, 38.

Plaintiff claims lost pay and benefits. *Id*. at ¶ 39. Defendants argue that case law is clear Plaintiff should be precluded from bringing a section 1983 claim (Doc. 14 at 2). Defendants argue that, because Plaintiff has alleged civil rights violations under § 1983 based on the same violations of USERRA in Count I, Plaintiff's § 1983 claim is precluded by his USERRA claim. Plaintiff argues the language of 4302 of USERRA expressly states that nothing in USERRA shall "supersede, nullify or diminish any Federal or State law…that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter." 18 U.S.C. § 4302. (Doc. 15 at 2). Essentially, Plaintiff argues his § 1983 claim and USERRA claim should both move forward because Congress' intent was to allow additional benefits not given pursuant to USERRA.

"In enacting USERRA, Congress intended a uniform set of protections available to returning veterans in the several states and expressly forbade modification of these protections by either state law, benefit plans or contractual bargaining because it would frustrate the statutory purpose." *Ferguson v. Walker*, 397 F. Supp. 2d 964, 971 (C.D. Ill. 2005). "USERRA's comprehensive remedial structure reflects congressional intent to supersede a plaintiff's ability to assert parallel claims under section 1983." *Violetto v. Vill. of Tinley Park*, 130 F. Supp. 3d 1179, 1186 (N.D. Ill. 2015) (finding "factual claims underpinning USERRA and § 1983 to be a 'precise match'").

Like other districts, the Court notes that case law is sparse on this issue. *Violetto*, 130 F. Supp. 3d at 1185. However, at least four district courts have determined that a plaintiff should be precluded from bringing a § 1983 parallel claim with a claim brought forth under USERRA. *See id*.; *Bello v. Vill. of Skokie*, No. 14 C 1718, 2014 WL 4344391, at *7 (N.D. Ill. 2014); *Ferguson v. Walker*, 397 F.Supp.2d 964, 970 (C.D. Ill. 2005); *Satterfield v. Borough of Schuylkill Haven*,

12 F.Supp.2d 423, 437 (E.D. Pa. 1998). In *Bello*, where a police officer sued his employer under USERRA and § 1983, the court found "USERRA's comprehensive remedial structure reflects congressional intent to supersede a plaintiff's ability to assert parallel claims under section 1983." 2014 WL 4344391, at *7. In *Ferguson*, an officer seeking relief under ISERRA also brought constitutional claims under § 1983 and argued that the police department deprived him of a property interest by asking him to resign from a police position. The court held that the officer's constitutional claims were displaced because the USUERRA provided its own comprehensive mechanism. *Ferguson*, 397 F.Supp.2d at 964 ("The Plaintiff may not now bypass that mechanism by alleging a constitutional violation and bringing suit directly under § 1983."). In *Satterfield*, a former borough manager seeking relief under USERRA also pursued an equal protection claim under § 1983, which "hinge[d] upon his status as a military reservist." *Satterfield*, 12 F.Supp.2d at 437. The court held that the claim was subsumed by USERRA, noting that "[t]his finding is bolstered by the fact that dismissal of the Plaintiff's equal protection claim does not prejudice his case, as he has stated a separate cause of action under USERRA." *Id*. at 438.

      In *Violetto*, the court found that while plaintiff *could* sustain a due process claim based on a deprivation of a property right based on the dilution of his military preference points and denial a promotion, since such a claim is not precluded by USERRA, plaintiff failed to allege a property interest in his promotion. 130 F. Supp. 3d at 1186. Here, Hedger's Complaint alleging a claim under § 1983 alleges that Hedger had a right under USERRA regarding reemployment, and lost pay and benefits as a result. Comp ¶¶ 36, 39. As the cases note, "USERRA provides a private right of action, allows a plaintiff to obtain an injunction or damages, permits recovery for lost pay and benefits (which may be doubled for willful violations), allows recovery of attorney's fees

and expenses (and prohibits recovery of the same against a plaintiff), and expands the scope of liability beyond the Equal Protection Clause to allow protection based on military status, which is not considered a suspect class." *Violetto*, 130 F. Supp. 3d at 1186 (citations omitted). In *Bello*, the court concluded USERRA and § 1983 were a "precise match." Similarly, here, the Court finds Hedger's § 1983 and USERRA claims to be a "precise match." Hedger does not make allegations that he was deprived a property right outside of those protections provided by USERRA. "This finding is bolstered by the fact that dismissal of the Plaintiff's equal protection claim does not prejudice his case, as he has stated a separate cause of action under USERRA." *Bello*, 2014 WL 4344391, at *7 (citations omitted).

Hedger argues that he should be granted leave to allege an additional property right to allow his § 1983 claim to move forward (Doc. 15 at 3). However, the *Violetto* court explicitly granted plaintiff leave in that case because it had held it would not be impossible to allege a due process claim based on a theory plaintiff made in its motion, but the bare bones complaint was deficient. *Violetto*, 130 F. Supp. 3d at 1186-87. Here, Hedger has not provided a due process theory. If a party wishes to amend its pleading, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. Rul. Civ. Proc. 15(a)(2).

For these reasons, the Court GRANTS Defendants' Motion to Dismiss Count II.

### B. ISERRA claim

Defendants argue that Hedger's state law claim under ISERRA is precluded by his USERRA's claim. Plaintiff argues that such a position goes against Congress's purpose to "give veterans as many federal and state options to recovery as possible." (Doc. 15 at 4). Specifically, Hedger's Complaint alleges the following violations under ISERRA: "a. Failed to post the

required notice of ISERRA Notice; b. Forced Plaintiff to find a replacements for his position; and c. Violated USERRA as referenced in Count I, such that ISERRA has been violated." Comp ¶ at 42.

There is one case within this circuit that speaks on this issue. *Heckenbach v. Bloomingdale Fire Prot. Dist.*, No. 19-CV-2877, 2020 WL 5763600, at *3 (N.D. Ill. Sept. 28, 2020). In *Heckenbach*, the plaintiff alleged five counts – 1) differential pay claim under USERRA; 2) disparate treatment and retaliation claim under USERRA; 3) hostile work environment claim under USERRA; 4) differential pay under Illinois Military Leave of Absence Act (later known as the ISERRA); 5) defamation *per se*. *Id*. The court dismissed Count I because USERRA does not create a federal right to differential pay. In granting defendants' motion, the court found the *state* law claim required differential pay where the federal law did not. *Id*. at *19.

Hedger cites *Heckenbach* for the proposition that state law can build on federal law and allows for "more rights than federal law." *Id*. at *13. Defendants argue *Heckenbach* is distinguishable because Hedger's state law claim does not allege *additional* rights that ISERRA provides that USERRA does not. (Doc. 17 at 2). Defendants argue that requiring notice, while an additional requirement under ISERRA not in USERRA, cannot be the sole basis for a civil action. 330 ILCS 61/15-5 ("[a] violation of Section 5-20 may not be a sole basis for a civil action under this Act."). Additionally, Defendants argue that requiring a replacement is also a protection under USERRA. 20 C.F.R. 1002.87 (requiring permission to leave to perform service); 20 C.F.R. 1002.104 (not requiring accommodating interests regarding timing, frequency, or duration of service).

Upon review of the protections under 20 C.F.R. 1002.104 versus 330 ILCS 61/5-5(2), the protections are distinct. The federal law states an "employee is not required to accommodate his

7

or her employer's interest or concerns regarding the *timing, frequency, or duration* of uniformed service." 20 C.F.R. 1002.104. State law dictates that an "employer may not impose conditions for military leave, *such as work shift replacement*…" 330 ILCS 61/5-5(2). The Court does not see how a specific protection for not requiring a replacement, which is at issue in Hedger's Complaint and property alleged in paragraph 42 of the Complaint, is a condition regarding timing, frequency, or duration. For these reasons, in viewing all favorable inferences in favor of Plaintiff at this juncture, the Court will allow Plaintiff's state law claim under ISERRA to continue as the Court believes there is an additional protection provided under Illinois law.

For these reasons, the Court DENIES Defendants' Motion to Dismiss Count III.

### IV.     Conclusion

The Court hereby GRANTS Defendants' Motion to Dismiss Count II of Hedger's Complaint and DENIES Defendants' Motion to Dismiss Count III of Hedger's Complaint (Doc. 14). Count II of Plaintiff's Complaint is DISMISSED without prejudice.


**IT IS SO ORDERED.**
**Dated: May 12, 2022**

>                         **/s/  J. Phil Gilbert**
>                         **J. PHIL GILBERT**
>                         **DISTRICT JUDGE**